# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MELEHY & ASSOCIATES LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-2554 (ESH) |
| ERMIAS SIEFE HAILE, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In this breach of contract action, plaintiff Melehy and Associates LLC (the "Melehy Law Firm") has moved pursuant to Federal Rule of Procedure 55(b) for entry of a default judgment against individual defendants Ermias Siefe Haile and Tewodage Mulugeta. (Mot. for Default Judgment, ECF No. 10.) For the reasons stated herein, the motion is granted.

## BACKGROUND

The Melehy Law Firm "is a limited liability company organized under the laws of the State of Maryland with its principal place of business in the State of Maryland." (Compl. ¶ 5.) It "provides legal services to individual and corporate clients in Maryland and the District of Columbia in connection with, among other things, seeking relief under the United States Bankruptcy Code." (*Id*.)

Vision Investment LLC ("Vision" or "Vision LLC") is "a limited liability company organized under the laws of the District of Columbia for the purpose of owning and managing a multi-unit rental property located in the District of Columbia." (*Id*. ¶ 6.) Haile and Mulugeta are the only two members of Vision LLC, and both are citizens of Virginia. (*Id*. ¶¶ 1, 6.)

On or about January 9, 2017, Haile and Mulugeta retained the Melehy Law Firm to represent Vision LLC in connection with filing for Chapter 11 bankruptcy. (*Id.* ¶ 8.) The terms under which the Melehy Law Firm agreed to represent Vision LLC are set forth in a Retainer Agreement. (*Id.* ¶ 9; *see also* Mot. for Default Judgment, Ex. D (copy of signed Retainer Agreement).) The Retainer Agreement was signed by Haile and Mulugeta in their capacity as members of Vision and also individually as guarantors. (*See* Compl. ¶ 9; *see also* Retainer Agreement at 6 ("As members of Vision Investment LLC, we have read, understand and agree to the above fee arrangement. We understand that we are jointly and severally liable for all amounts due under this retainer agreement.").) The Retainer Agreement provides that "any billed balance which remains unpaid for more than 30 days continues to accrue interest at the rate of 18 percent per annum." (Compl. ¶ 14; Retainer Agreement ¶ 22(i).) It further provides that Vision LLC would pay any attorney's fees and costs incurred "in connection with any collection efforts undertaken in order to secure payment of any sums that become due under the Retainer Agreement." (Compl. ¶ 10; Retainer Agreement ¶ 22 (iv) & (v).) In addition, Haile and Mulugeta "executed an Unlimited Guaranty whereby they each individually agreed to be responsible for any attorney's fees incurred or costs advanced by [Melehy] in connection with its representation of Vision [] in its Chapter 11 bankruptcy case." (Compl. ¶ 11.)

*The Melehy Law Firm's Representation of Vision LLC in the Bankruptcy Court*:

On January 9, 2017, Suvita Melehy, an attorney at the Melehy Law Firm, filed a Chapter 11 voluntary petition for bankruptcy on behalf of Vision LLC. *See* Petition, *In re Vision Investment LLC*, No. 17-bk-00012 (Bankr. D.D.C.) ("*Vision Bankr.*"). On February 3, 2017, Vision LLC (through Suvita Melehy) filed an application with the bankruptcy court to retain the Melehy Law Firm, specifically Suvita Melehy, to represent it in its bankruptcy proceedings. *See*

Application, *Vision Bankr.*, ECF No. 26. On February 24, 2017, the bankruptcy court approved the employment of the Melehy Law Firm and Suvita Melehy to represent Vision LLC in bankruptcy, with an effective date of January 9, 2017. *See* Order, *Vision Bankr.*, ECF No. 28.

On February 26, 2018, Suvita Melehy and the Melehy Law Firm, citing an inability to communicate with Haile, the managing member of Vision LLC, filed a motion to withdraw as counsel for Vision LLC. *See* Motion, *Vision Bankr.*, ECF No. 108. On March 20, 2018, the bankruptcy court granted the motion. *See* Order, *Vision Bankr.*, ECF No. 115. On April 20, 2018, the bankruptcy court converted Vision LLC's bankruptcy case from Chapter 11 to Chapter 7, designating Haile to act as the debtor. *See* Order, *Vision Bankr.*, ECF No. 121.

For the entirety of the period the Melehy Law Firm represented Vision LLC in bankruptcy (from January 9, 2017 through March 19, 2018), it rendered legal services and advanced costs totaling $121,061.58. (Compl. ¶¶ 12.) On April 18, 2017, while it was still acting as Vision LLC's counsel, the Melehy Law Firm filed its "first interim application for compensation of counsel for the debtor," seeking to be paid for services rendered and expenses incurred from January 9, 2017 through April 18, 2017. *See* Application, *Vision Bankr.*, ECF No. 43. On May 16, 2017, the bankruptcy court approved that application, awarding Melehy $36,848.25 in attorneys' fees and $2,596.12 in costs, for a total award of $39,444.37. *See* Order, *Vision Bankr.*, ECF No. 47.

On April 25, 2019, over a year after its representation of Vision LLC had ended, the Melehy Law Firm filed a second application for compensation with the bankruptcy court, seeking to recover its fees and costs for the remainder of the period it had represented Vision LLC (from April 18, 2017 through March 19, 2018). *See* Second Application, *Vision Bankr.*, ECF No. 210, at 2. The application indicated that the Melehy Law Firm intended to "file its

claim as an administrative priority claim" with the bankruptcy Trustee, but that it was "simultaneously filing its fee petition to obtain court approval of the fees and costs which will be sought in [its] claim." *Id*. The Trustee has filed an opposition to this application and has also requested that the Melehy Law Firm be ordered to disgorge the compensation it was previously awarded. *See* Opposition and Request for Disgorgement, *Vision Bankr.*, ECF No. 212. The bankruptcy court has scheduled a combined hearing on the Melehy Law Firm's second application for compensation and the Trustee's request for disgorgement, which is currently set for September 17, 2019. *See* Minute Entry, *Vision Bankr.*, ECF No. 227.

To date, the Melehy Law Firm has been paid a total of $39,479.37,[1] leaving, by its calculation, an outstanding debt of $81,617.21. (Compl. ¶ 13.)

*The Current Litigation*:

On November 5, 2018, the Melehy Law Firm filed a breach of contract action against Haile and Mulugeta (jointly referred to as "Defendants" in the complaint), seeking to recover from them the money it claims to be owed by Vision LLC for legal services and costs for the period from April 18, 2017 through March 19, 2018.[2] The complaint alleges that Haile and Mulugeta are personally liable for Vision LLC's breach of contract "[b]y operation of the Unlimited Guaranty and the Retainer Agreement." (Compl. ¶ 15; *see also id.* ¶ 18 ("The Retainer Agreement and the Unlimited Guaranty are written contracts signed by [Haile and

---

[1] For reasons that are not apparent from the record, this number is $35.00 more than the amount approved by the bankruptcy court when it granted the Melehy Law Firm's first application for compensation.

[2] These are the same fees and costs that are the subject of the Melehy Law Firms's second application for compensation, which was filed after the current litigation. The Melehy Law Firm did not inform this Court that it had filed its application for compensation in the bankruptcy court, and it does not appear that it informed the bankruptcy court of this litigation. Accordingly, a copy of this Memorandum Opinion and the accompanying Order granting the motion for default judgment will be provided to the bankruptcy court.

Mulugeta] in their individual capacity. By signing the Retainer Agreement and the Unlimited Guaranty[,] [Haile and Mulugeta] each agreed to be bound by the terms and conditions set forth therein and each assumed personal liability for all debts incurred by Vision in connection with [the Melehy Law Firm's] representation of Vision in its Chapter 11 bankruptcy [c]ase."). The complaint further alleges that "Haile and Mulugeta have received notice of the amounts owed to [the Melehy Law Firm] since the commencement of Vision's bankruptcy case because [the Melehy Law Firm] has sent detailed invoices to them both at their home address on a periodic basis and made a demand for payment" (*id*. ¶ 16); that the Melehy Law Firm "has attempted to contact [Haile and Mulugeta] to make payment arrangements by electronic mail and telephone for several months with no success" (*id*.); that "[a]ll of the legal services rendered by [the Melehy Law Firm] to Vision were reasonable and necessary" (*id*. ¶ 19); that "[Haile and Mulugeta] were aware [the Melehy Law Firm] was providing these services," [from which they] benefited "as the only two members of Vision" (*id*.); that "[Haile and Mulugeta] breached the Retainer Agreement and the Personal Guaranty by failing to pay the debt owed by Vision to the [the Melehy Law Firm] after the [the Melehy Law Firm] made repeated demand[s] upon both Haile and Mulugeta for payment due" (*id*. ¶ 20); that "[Haile and Mulugeta] refused and continue to refuse to pay the amount owed Plaintiff and Plaintiff has suffered damages as a result" (*id*.); and that [p]ursuant to the terms of the Retainer Agreement and the Personal Guaranty [Haile and Mulugeta] are responsible for and liable to [the Melehy Law Firm] for the full amount of the unpaid debt, interest charges at the contract rate of 18 percent per annum and for [the Melehy Law Firm's] attorney's fees and costs incurred in connection with collecting the debt." (*Id*. ¶ 21.)

Based on these allegations, the Melehy Law Firm seeks an award of damages in the

amount of the outstanding debt of $81,617.21, plus $8,001.90 in accrued interest,[3] $400.00 in court costs, post-judgment interest on the principal at 18% per annum, and attorneys' fees. (Compl. ¶¶ 14, 21; *id*. at 1, 5 (Prayer for Relief).)

Haile was personally served with a summons and a copy of the complaint on November 8, 2018. (*See* Aff. of Service, Nov. 12, 2018, ECF No. 3.) Mulugeta was personally served on November 23, 2018. (Aff. of Service, Nov. 29, 2018, ECF No. 4.) Haile's answer or other response to the complaint was due on November 29, 2018; Mulugeta's was due on December 14, 2018. (*See* Affidavits of Service, ECF Nos. 3-4.) To date, neither Haile nor Mulugeta has answered or otherwise responded to the complaint.

On December 19, 2018, the Melehy Law Firm filed affidavits of default as to both Haile and Mulugeta, accompanied by the required military affidavits. (*See* Affidavits, ECF Nos. 5-7.) Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court entered defaults against Haile and Mulugeta on January 2, 2019. (*See* Clerk's Entries of Default, ECF Nos. 8-9.) Copies of the entries of default were mailed by the Clerk to each defendant.

On January 11, 2019, the Melehy Law Firm filed the pending motion for default judgment.

**ANALYSIS**

Pursuant to Fed. R. Civ. P. 55(b), the Melehy Law Firm asks the Court to enter a default judgment in its favor and against defendants Haile and Mulugeta, jointly and severally, for the sum of $90,099.11 (the total of the outstanding debt of $81,617.21, accrued interest of $8,001.90,

---

[3] Interest is only being sought from April 20, 2018 (the date that Vision LLC's Chapter 11 bankruptcy case was converted to a Chapter 7 bankruptcy case) until the date this lawsuit was filed. (Compl. ¶ 14.)

and $480.00 in costs[4]) plus post-judgment interest at the contract rate of 18% per annum from the date of any judgment until the entire amount is paid. (*See* Proposed Default Judgment, ECF No. 11.)[5]

The "entry of a default judgment is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). First, the procedural posture of a default does not relieve a federal court of its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996). Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. (*See* Compl. ¶¶ 1-5.) Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the action arises in connection with legal services rendered in a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Columbia.[6]

Once satisfied as to its jurisdiction, the determination of whether default judgment is appropriate is committed to the discretion of the trial court. *See Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits. *Id*. However,

---

[4] The complaint only sought $400.00 in costs, which was the fee for filing the complaint, but the motion for default judgment seeks $480.00 in costs, which covers the filing fee and the fees for the service of the two summons.

[5] There is a two-step procedure for requesting a default judgment. *See Fanning v. Seneca One Realty LLC*, 265 F. Supp. 3d 31, 33 (D.D.C. 2017) (citing *Boland v. Cacper Constr. Corp.*, 130 F. Supp. 3d 379, 382 (D.D.C. 2015)). First, Federal Rule of Civil Procedure 55(a) requires the Clerk of Court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once the Clerk of Court has entered default, which has happened in this case, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

[6] 28 U.S.C. § 1391(b)(2) provides that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted).

Finally, while the entry of default establishes defendant's liability for the well-pleaded allegations of the complaint, *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001), it "does not . . . establish liability for the amount of damages claimed." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). If necessary, a court may hold a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, though, no hearing is necessary as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

The Melehy Law Firm's motion is supported by an affidavit from counsel of record, Omar Melehy; an affidavit from a certified public accountant, Sandra Chiman; a bill of costs, and a signed copy of the Retainer Agreement. (*See* Mot. for Default Judgment & Exs. A-D, ECF

No. 10.) These documents adequately substantiate the amount of damages the Melehy Law Firm claims, including accrued interest, costs, and entitlement to post-judgment interest at 18%.[7]

## CONCLUSION

For the reasons set forth above, the Court will grant the Melehy Law Firm's motion for default judgment and enter judgment in favor of the Melehy Law Firm and against Haile and Mulugeta in the amount of $90,099.11, with post-judgment interest to accrue at the contract rate of 18% per annum from the date of this judgment until the entire amount is paid. A separate Order and Default Judgment accompanies this Memorandum Opinion.



ELLEN S. HUVELLE
United States District Judge

Date: September 12, 2019

cc: Hon. S. Martin Teel, Jr.
United States Bankruptcy Court for the District of Columbia
333 Constitution Avenue, N.W., Room 2114
Washington, DC 20001

---

[7] Although mentioned in the complaint, plaintiff's motion for default judgment does not seek an award of attorneys' fees with respect to this litigation.